*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* VINCENT, Minors.

UNPUBLISHED
January 14, 2026
11:53 AM

No. 376341
Montcalm Circuit Court
Family Division
LC No. 2023-001098-NA

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor children, NV and CV, under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions that led to adjudication), (3)(g) (failure to provide proper care and custody), and (3)(j) (risk of harm to children if returned to parents). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Respondent's children were removed from her care because of improper supervision, neglect, and respondent's severe substance-abuse issues. Over the course of the proceedings, respondent attempted inpatient rehabilitation multiple times but failed to successfully complete any of the programs. As a result, the Michigan Department of Health and Human Services (DHHS) petitioned to terminate respondent's parental rights. At the time of the termination hearing, the children were placed with their father.[1] The trial court found there were statutory grounds for termination as noted above. Moreover, it reasoned that, even though the children were placed with their father, termination was in their best interests because of respondent's unaddressed substance-abuse and mental-health issues. Respondent now appeals.

---

[1] The children's father was also a respondent in the proceedings, but was participating in his case service plan and improving. He is not a party to this appeal.

## II. STANDARDS OF REVIEW

We review a trial court's best-interest determination for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (quotation marks and citation omitted).

## III. ANALYSIS

Respondent argues that the trial court erred by finding termination was in the children's best interests because she was still trying to address her barriers and the children's need for permanency was satisfied by their placement with their father. We disagree.

"The trial court must order the parent's rights terminated if [DHHS] has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App at 713. "The focus at the best-interest stage has always been on the child, not the parent." *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022) (quotation marks and citation omitted).

When determining best interests:

> [T]he court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (quotation marks and citations omitted).]

A child's placement with a relative "is an explicit factor to consider in determining whether termination was in the [child's] best interests." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (quotation marks and citation omitted). "Placement with a relative weighs against termination, but that fact is not dispositive given that a trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests." *In re Atchley*, 341 Mich App at 347 (quotation marks and citation omitted).

During the termination hearing, the trial court expressly found that, despite their placement with their father, termination was in the children's best interests. This was all that was required. *In re Olive/Metts*, 297 Mich App at 43. Moreover, respondent's contention that she should be given more time because she "put in a substantial effort" to address her substance-abuse problems and kept trying despite her setbacks lacks merit, because "[t]he focus at the best-interest stage has always been on the child, not the parent." *In re Atchley*, 341 Mich App at 346 (quotation marks and citation omitted). The question is whether it was in the *children's* best interests to terminate respondent's parental rights, not respondent's. *Id*. The record reflects that it was.

The foster care worker testified that, while there was some bond between respondent and the children, it was unhealthy, and the children struggled with the impact of respondent's substance use. Respondent sporadically appeared for parenting time visits and often requested to reschedule an hour before the visit, resulting in several cancelations. In fact, respondent had not seen her children for nearly nine months by the termination hearing. Respondent's substance abuse also impaired her ability "to be present and participate" in parenting time. She failed to meaningfully complete any of her court-ordered services and was unable to effectively manage and treat her ongoing, severe substance-abuse issues. Respondent "disagrees" with the trial court's ruling that termination was still in the children's best interests despite their placement with their father because they had permanency with their father and a custody order was sufficient to keep them safe. But, again, respondent fails to appreciate that it is the instability *her presence* in their lives caused that the trial court was considering, not the stability their father's presence provided. Indeed, the trial court found that respondent's failure to address her mental-health and substance-abuse issues had inflicted trauma on the children. Accordingly, the record supports the trial court's findings that termination of respondent's parental rights was in the children's best interests.[2]

Affirmed.


/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi

---

[2] While not explicitly argued, we note that respondent, on appeal, seemingly challenges the sufficiency of the services provided to her. But respondent never challenged the sufficiency of her services in the proceedings below. See, e.g., *In re Matamoros*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371544); slip op at 3 (a respondent-parent fails to preserve an argument regarding reasonable reunification efforts by failing to "object to the services at the time that they are offered[]" or by timely raising the objection "later during the proceedings.") (Quotation marks and citations omitted). Moreover, respondent's cursory allegations that it "sounded like" she needed help with transportation but that it was unclear "how much help she received" and that the children's father "seemed to have many more benefits during this case" than respondent do not provide any substantive arguments for this Court to evaluate. Accordingly, respondent's failure to adequately brief these allegations renders them abandoned. *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019).